UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BENNY JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:24-CV-00194 SPM |
| JOE Z. SATTERFIELD, et al., | ) ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

Before the Court is plaintiff's notice of appeal, as well as plaintiff's motion to proceed in forma pauperis on appeal. Appended to plaintiff's notice of appeal is a post-dismissal motion to amend the complaint, with an attached handwritten proposed amended complaint numbering forty-six (46) pages. [ECF Nos. 10 and 11]. After review of the record, the Court will deny both plaintiff's motion to proceed in forma pauperis on appeal and plaintiff's post-dismissal motion to amend his complaint. The Clerk will be instructed to process plaintiff's appeal.

### Background

Plaintiff Benny Johnson, an inmate currently incarcerated at Eastern Reception Diagnostic and Correctional Center (ERDCC), filed the instant action pursuant to 42 U.S.C. § 1983 on October 17, 2024. [ECF No. 1]. Plaintiff's twenty-one (21) page handwritten complaint was filed against twenty-four (24) defendants and contained a multitude of claims, many of which were conclusory and lacked a causal connection to a specific defendant. *See id.* Nonetheless, on November 22, 2024, the Court granted plaintiff's motion to proceed in forma pauperis and reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and failure to state a claim. [ECF Nos. 5 and 6].

The Court discerned that the allegations in plaintiff's complaint appeared to relate to four issues: (1) purported civil rights violations involving plaintiff's arrest in July of 2017; (2) purported civil rights violations concerning his criminal prosecution in Dunklin and Stoddard County Courts between July of 2017 and October 2021; (3) claimed civil rights violations relating to his incarceration in both the Dunklin County and the Stoddard County Jails; (4) and purported allegations of deliberate indifference to his serious medical needs during his incarceration at both the Dunklin County and Stoddard County Jails.

In a twenty-five (25) page Opinion, Memorandum and Order, the Court recounted plaintiff's underlying state court criminal actions, as found on Missouri's online case management system, Missouri Case.Net, as well as those in the complaint. The Court then separated plaintiff's allegations against each of the twenty-four (24) named defendants, according to when the allegations purportedly occurred and, if pertinent, at which jail facility (Stoddard County Jail or Dunklin County Jail). The Court then differentiated between the type of claim being brought by plaintiff, *i.e.,* whether he was alleging false imprisonment and/or false arrest, unlawful conditions of confinement, judicial or prosecutorial misconduct or deliberate indifference to his serious medical needs. Last, the Court identified the defendants that plaintiff had failed to make any allegations against in his complaint.

After doing the aforementioned, the Court was able to dismiss seven (7) defendants from the action who plaintiff had failed to bring specific allegations against in his complaint.[1] *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Five additional defendants were dismissed because they were not state

---

[1] Aaron Grainger, James Smith, Nicole Green, June Robinson, Jesse Curtis, Bob Holder and Carl Heifner.

actors[2] subject to suit under 42 U.S.C. § 1983.[3] The Court then severed (and dismissed without prejudice), in accordance with Federal Rule of Civil Procedure 21, plaintiff's claims for unlawful conditions of confinement and deliberate indifference to his serious medical needs at both the Dunklin County and Stoddard County Jails, because they were improperly joined. Plaintiff was informed that if he wished to file new actions relating to those claims he could do so, but his Stoddard County claims were separate and distinct from his Dunklin County claims and should therefore be filed in separate lawsuits.

Plaintiff's claims relating to events which occurred prior to October 17, 2019, were found to be time-barred and subject to dismissal. *See Walker v. Barrett,* 650 F.3d 1198, 1205 (8th Cir. 2011); *Sulik v. Taney Cty., Mo.,* 393 F.3d 765, 767 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). Plaintiff's claims attacking his criminal conviction were dismissed as *Heck*-barred. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). The Court then dismissed plaintiff's claims against Judges Satterfield, Mayer and Speilman, as well as Prosecutors Jain and Oliver, on grounds of prosecutorial and judicial immunity. *See Imbler v. Pachtman,* 424 U.S. 409, 430–31 (1976); *Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020). And plaintiff's criminal attorney, John McMullan, was dismissed from the present action due to plaintiff's failure to allege that McMullan acted under color of state law. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). Last, the Court noted that there was no amendment that the Court could envision that could save

---

[2]To state a claim under § 1983, a plaintiff must establish that a person acting under color of state law committed the acts which form the basis of the complaint. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams,* 474 U.S. 327, 328 (1986). To state a claim against a private actor under § 1983, a plaintiff must allege an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States. *Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 536 (8th Cir.1999). Plaintiff failed to do so in this instance.

[3]Justin Claibourn (Prosecution Witness), Kelli Asher (Juror), Tayhlar Santana (Prosecution Witness), Brant Bristow (Prosecution Witness) and Brian Wicker (Tow Truck Driver).

3

the complaint from dismissal. Additionally, the Court declined to exercise supplemental jurisdiction over any state law claims that plaintiff wished to bring. *See* 28 U.S.C. § 1367(c).

## Discussion

### A. Plaintiff's Post-Dismissal Motion to Amend the Complaint

Approximately three months after dismissal of this action, plaintiff nevertheless attempts to amend his dismissed pleading. Under the Federal Rules of Civil Procedure, the Court should freely grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). However, following dismissal, the right to amend a complaint under Fed. R. Civ. P. 15(a) terminates. *Humphreys v. Roche Biomedical Laboratories, Inc.,* 990 F.2d 1078, 1082 (8th Cir. 1993) (internal citation omitted).

Leave to amend may still be granted in the Court's discretion, *id.,* but a plaintiff does not enjoy the absolute or automatic right to amend a deficient complaint. *See U.S. ex rel. Roop v. Hypoguard USA, Inc.,* 559 F.3d 818, 822 (8th Cir. 2009). In other words, "interests of finality dictate that leave to amend should be less freely available after a final order has been entered." *Id.* at 823. According to the Eighth Circuit, this Court has "considerable discretion to deny a post-judgment motion for leave to amend because such motions are disfavored." *Id.* at 824.

Furthermore, amendment is properly denied when allowing it would be futile because the proposed amended complaint cannot withstand initial review under 28 U.S.C. § 1915(e)(2). *See Baptist Health v. Smith,* 477 F.3d 540, 544 (8th Cir. 2007) (stating that "there is no absolute right to amend" and that a court may deny a motion to amend for multiple reasons including a finding of futility) (internal citation omitted); *Holloway v. Dobbs,* 715 F.2d 390, 392 (8th Cir. 1983) (finding district court justified in denying plaintiff leave to amend because the "complaint, as amended, could not withstand a motion to dismiss."). *E.g., Coleman v. Ramada Hotel Operating*

*Co.*, 933 F.2d 470, 473 (7th Cir. 1991) ("Although the federal rules generally favor a liberal amendment policy, justice does not demand that [a plaintiff] be given leave to append frivolous or repetitive allegations to [his or] her complaint at any stage in the proceedings.").

Plaintiff's proposed amended complaint is handwritten and not on a Court-provided form as required under Local Rule 2.06(A). Furthermore, as noted above, along with exhibits, the proposed amended complaint numbers forty-six (46) pages and is brought against twelve (12) defendants. Just a cursory review shows that it suffers from the same problems as those of the original complaint. Namely, it contains three (3) enumerated counts: (1) corruption; (2) cruel and unusual punishment; and (3) miscarriage of justice. However, within each "count" there are a multitude of claims against each of the defendants, as well as against many additional defendants not specifically enumerated in the caption, which is in direct violation of Federal Rules of Civil Procedure 18 and 20. Plaintiff cannot attempt to cram every claim he has against any and all defendants in one lawsuit. He was already informed of the joinder limitations in the Court's November 22, 2024 Opinion, Memorandum and Order.

Additionally, plaintiff is again attempting to litigate issues relating to his 2017 arrest and pretrial proceedings which occurred prior to the five-year statute of limitations under 42 U.S.C. § 1983. This Court has already held that these claims are barred and cannot be lawfully raised. Moreover, plaintiff cannot attempt to couch his claims as "corruption" or "miscarriage of justice" to get around the statutory bar.

Furthermore, although not named as defendants in the caption of the proposed amended complaint, many of plaintiff's claims in the proposed pleading are brought against state court judges and prosecutors. The Court has already ruled that judges and prosecutors have immunity from such claims. And to the extent plaintiff wishes to reassert his deliberate indifference and/or

5

conditions of confinement claims against either Dunklin County or Stoddard County (or the Jails associated with either), the Court has already told plaintiff he needs to file separate actions relative to those claims.

Plaintiff's proposed pleading does nothing but attempt to rehash his earlier arguments which this Court previously addressed in its twenty-five (25) page Opinion, Memorandum and Order. After reviewing plaintiff's allegations in the proposed amended complaint, the Court finds that allowing plaintiff to file this pleading would be futile because the proposed amended complaint cannot withstand initial review under 28 U.S.C. § 1915(e)(2). The motion to file the amended complaint will therefore be denied.

## B. Plaintiff's Motion to Proceed in Forma Pauperis on Appeal

On November 22, 2024, the Court dismissed this case pursuant to 28 U.S.C. § 1915(e)(2)(B). [ECF Nos. 5 and 6]. When the Court dismissed this action, it certified in writing that an appeal from the dismissal would not be taken in good faith. *See id.*; 28 U.S.C. § 1915(a)(3). As a result, plaintiff's motion for leave to proceed in forma pauperis on appeal will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's post-dismissal motion to amend his complaint [ECF No. 10] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis on appeal [ECF No. 11] is **DENIED.** The Clerk shall process plaintiff's appeal.

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

6

Dated this 14th day of February, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE